**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGER F. STEBBINS, | Case No. SACV 14-1309 SS |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

**I.**

**INTRODUCTION**

Plaintiff Roger F. Stebbins ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for disability benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and

REMANDED for further administrative proceedings consistent with this decision.

## II.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits on July 19, 2011. (Administrative Record ("AR") 165). He alleged a disability onset date of July 21, 2010. (Id.). Plaintiff based his claim on head injury, post-traumatic stress disorder ("PTSD") and open heart surgery. (AR 133). The Agency denied Plaintiff's application on December 28, 2011.

On January 25, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 139). Plaintiff testified before ALJ Sharilyn Hopson on October 15, 2012 (the "ALJ Hearing"). (AR 82-118). Vocational expert ("VE") Jeanine Metildi and medical expert Dr. Harvey Alpern also testified. (AR 90-93, 113-117). On November 2, 2012, the ALJ issued a decision denying benefits. (AR 27-42). Plaintiff filed a request for review of the ALJ's unfavorable decision on November 28, 2012, which the Appeals Council denied on June 16, 2014. (AR 1, 21). The ALJ's decision thus became the final decision of the Commissioner. (AR 1). Plaintiff filed the instant action on August 15, 2014. (Dkt. No. 1).

\\
\\
\\

## III.

### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423 (d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423 (d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,

3

>              the claimant is found disabled.  If not, proceed
>              to step four.
> (4)   Is the claimant capable of performing his past
>       work?  If so, the claimant is found not disabled.
>       If not, proceed to step five.
> (5)   Is the claimant able to do any other work?  If
>       not, the claimant is found disabled.  If so, the
>       claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.  Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").

Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional and non-exertional limitations, the Grids are inapplicable and the ALJ must take VE testimony. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## IV.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from his disability onset date of July 21, 2010, through the date of the ALJ's decision. (AR 27). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since July 21, 2010. (AR 29). At step two, the ALJ found that Plaintiff had the following severe impairments: status post aortic valve replacement, degenerative joint disease of the right knee, degenerative joint disease of the right ankle, degenerative joint disease and status post injury of the left shoulder, organic mental disorder, traumatic brain injury ("TBI") and PTSD. (Id.).

However, at step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (AR 30). The ALJ specifically found that Plaintiff's mental impairments neither met nor medically equaled the criteria

in "Paragraph B" or "Paragraph C" of listing 12.06.[1] (AR 30-31). "Paragraph B" requires at least two of: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1. However, the ALJ found only mild restrictions in Plaintiff's daily living,[2] moderate difficulties in Plaintiff's social functioning and concentration, persistence or pace, and no episodes of decompensation. (AR 30-31).

"Paragraph C" requires a "complete inability to function outside the area of one's home." 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff had no such limitation. (AR 31). The ALJ then found that Plaintiff had the following RFC:

> [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). Specifically, [Plaintiff] can lift or carry 50 pounds occasionally and 25 pounds frequently; he can stand,

---

[1] Listing 12.06 defines anxiety disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1. In these disorders, "[a]nxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders." Id.

[2] The ALJ found both "no restriction" and "mild restriction" in Plaintiff's ability to perform daily living activities. (AR 30). However, these notations do not affect the Court's conclusion.

> walk, and or sit for six hours, out of an eight hour day; he can occasionally bend, stoop, kneel, crouch, and crawl; he can occasionally push and pull with his right lower extremity; he cannot perform overhead work with his left upper extremity; he cannot work at heights; he cannot work around dangerous or moving equipment; he cannot balance or climb ladders, ropes, and scaffolds; he is limited to simple, repetitive tasks with no public contact; he cannot work at inherently stressful jobs such as working as an EMT; he cannot perform any fast paced work such as assembly line work or a fast food cashier during lunch hour rush; he can have only occasional contact with coworkers; and he cannot work at jobs that require working as a team member with coworkers.

(AR 32).

The ALJ stated that she had considered all of Plaintiff's symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and Social Security Rulings ("SSRs") 96-4p and 96-7p. (Id.). The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. (Id.).

\\
\\

The ALJ stated that she was giving minimal weight to assessments by Plaintiff's treating psychiatrist, Dr. Virginia Teddy, because they were both internally inconsistent and inconsistent with the record as a whole. (AR 38). However, she gave substantial weight to Dr. Teddy's assessments to the extent they were otherwise consistent with the record, including the doctor's opinion that Plaintiff was capable of performing "low stress jobs." (Id.). The ALJ also gave minimal weight to the assessment of examining physician Vance Becker, M.D., because his opinion was "overly restrictive and not supported by objective medical evidence." (AR 39). The ALJ gave substantial weight to the assessment of non-examining consulting psychologist Erika Gilyot-Montgomery, Psy.D. (AR 40).

At step four, the ALJ determined that Plaintiff was not capable of performing his past relevant work in construction. (Id.). At step five, however, the ALJ found that Plaintiff was able to perform other work existing in significant numbers in the national economy. 20 C.F.R. 404.1569 and 404.1569(a). (AR 41). The ALJ specifically noted the VE's testimony that an individual of Plaintiff's age, education, work experience and RFC was capable of working as a hand packager, laundry worker or kitchen helper. (AR 41-42, 116). Therefore, the ALJ concluded that Plaintiff was not under a disability as defined by 20 C.F.R. 404.1520(g). (AR 42).

\\
\\
\\

**V.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)). However, the court must "affirm the denial of disability benefits if it is supported by substantial evidence and the Commissioner applied the correct legal standards." Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick,

157 F.3d at 720-21 (citing <u>Flaten v. Sec'y</u>, 44 F.3d 1453, 1457 (9th Cir. 1995)).

## VI.
## DISCUSSION

Plaintiff contends that the ALJ erred in denying benefits. (Memorandum in Support of Plaintiff's Complaint ("MSC"), Dkt. No. 15, at 17). The Court finds that remand is required because the ALJ did not mention or address the disability ratings or evaluations that Plaintiff's Department of Veterans Affairs ("VA") physicians assessed while Plaintiff was under their care. Accordingly, the ALJ's decision must be reversed and this action remanded for further proceedings.

**The ALJ Must Consider Plaintiff's VA Disability Rating In Determining Whether Plaintiff Is Disabled**

"Although a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision, and the ALJ must ordinarily give great weight to a VA determination of disability." <u>McLeod v. Astrue</u>, 640 F.3d 881, 886 (9th Cir. 2011) (quoting <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076 (9th Cir. 2002)). Where a claimant's VA disability rating is not known, the ALJ may have a duty to develop the record. See <u>McLeod</u>, 640 F.3d at 886. However, where a claimant's overall VA disability rating is unknown but the

claimant's partial ratings are in the record, the ALJ need not further develop the record, but must directly address the VA report. See Chaudhry v. Astrue, 688 F.3d 661, 669-70 (9th Cir. 2012). Moreover, because VA disability ratings are ordinarily entitled to "great weight," an ALJ's failure to assist a claimant in developing the record "by getting his disability determination into the record" is "reasonably likely to have been prejudicial." Id. at 888.

A court may remand a Social Security action for further proceedings where an ALJ fails to consider a VA disability rating, unless the error is clearly harmless. See id. Remand is appropriate not only where the VA disability rating is absent from the record but where such a rating appears and has not been addressed by the ALJ. See McCartey 298 F.3d at 1076 (remanding where eighty percent VA disability rating for depression appeared in the administrative record but the ALJ failed to mention the rating or address its significance in his decision). Although the VA and the Agency do not use identical criteria in determining disability, the ALJ may give reduced weight to a VA disability rating only if she provides "persuasive, specific and valid reasons" for doing so that are supported by the record. Id.

Here, the ALJ failed to mention or address Plaintiff's VA disability rating when she determined that Plaintiff was not disabled. On April 11, 2014, the VA found Plaintiff seventy percent disabled due to service-connected TBI and fifty percent

disabled due to service-connected PTSD. (AR 332). In conjunction with Plaintiff's TBI, the VA also assigned a severity level of "3" to Plaintiff's memory, attention, concentration and judgment, indicating moderate functional impairments in those categories. (AR 333-34). Further, the VA assigned a severity level of "2" to Plaintiff's social interaction facet and motor functions, indicating evidence of frequently inappropriate social behavior and mild or moderately decreased motor activity, respectively. (AR 334).

In conjunction with Plaintiff's PTSD, the VA noted that a fifty percent disability rating may indicate, <u>inter alia</u>, impaired short-term and long-term memory, weekly panic attacks, disturbances in motivation and mood and difficulty establishing and maintaining effective work and social relationships. (AR 335-36). The VA assessed Plaintiff's psychiatric prognosis as "guarded," although it noted a likelihood that Plaintiff's conditions would improve. (AR 336). On May 4, 2012, the VA found in a supplemental decision that Plaintiff was also ten percent disabled due to service-connected tinnitus, and therefore concluded that his overall disability rating was ninety percent. (AR 669-670).

The ALJ considered opinions by doctors at the VA Medical Center and included both TBI and PTSD among Plaintiff's severe impairments and tinnitus among his non-severe impairments (AR 29, 34-36, 38-39). However, the ALJ did not mention Plaintiff's VA disability ratings or address how these ratings affected her

assessment of Plaintiff's functional limitations. Because the ALJ did not address the VA disability ratings in reaching her conclusions, it follows that she did not provide persuasive, specific and valid reasons for discounting them.

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Moreover, in the social security context, the court "will not reverse for errors that are 'inconsequential to the ultimate nondisability determination.'" Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)). However, in this case, the Court cannot find that the VA's assessed disability ratings would have been "inconsequential" to the ALJ's ultimate finding of nondisability. Rather, in the context of this case, where the testimony of Plaintiff's treating and examining physicians was at odds with that of the non-examining consultative physician, the failure to develop a complete record and to evaluate the VA's disability ratings was likely prejudicial. See Tonapetyan v. Halter, 242 F.3d 1144, 1155 (9th Cir. 2001) (ALJ was "not free" to ignore the physician's recommendation that a more detailed psychiatrist's report be ordered); McLeod, 640 F.3d at 888 (because VA disability ratings deserve great weight, failure to get ratings into the record is likely prejudicial). Moreover, remand for further proceedings is appropriate where additional proceedings could remedy defects in the Agency's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).

\\

Upon remand, the ALJ must give great weight to Plaintiff's VA disability ratings, or else provide persuasive, specific and valid reasons explaining why these ratings should be given less weight in determining Plaintiff's functional limitations. Furthermore, the ALJ must address the validity of Plaintiff's assessed RFC for medium work in light of these ratings.

## VII.

## CONCLUSION

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.

DATED: July 13, 2015

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**

14